**Rahsaan BUTLER, also known as Rashan Butler, Petitioner–Appellant,**

v.

**Superintendent Brian FISCHER, Superintendent, Sing Sing Cor. Facility, Respondent–Appellee.**

No. 08–4657–pr.

United States Court of Appeals, Second Circuit.

Sept. 8, 2009.

Monica R. Jacobson, New York, NY, for Petitioner–Appellant.

Priscilla Steward, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Roseann MacKechnie, Deputy Solicitor General for Criminal Matters, of counsel) Andrew M. Cuomo, Office of the Attorney General for the State of New York, New York, NY, for Respondent–Appellee.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES, Circuit Judges, and GERARD E. LYNCH, District Judge.*

SUMMARY ORDER

Petitioner-appellant Rahsaan Butler ("defendant") was convicted after a jury trial in New York State Supreme Court, New York County, of Assault in the First Degree, Criminal Possession of a Weapon in the Second Degree, and Criminal Possession of a Weapon in the Third Degree. Defendant appealed, contending that the prosecutor's use of peremptory challenges to remove two African–Americans jurors was discriminatory, and that the trial court thus erroneously denied defendant's *Batson* claim, *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). On March 27, 2001, the Appellate Division, First Department, affirmed defendant's conviction. The Appellate Division concluded that the trial court correctly determined that defendant "numerical showing" had failed to establish a *prima facie* case of discrimination, in the circumstances in which the prosecution's peremptory challenges were made. Judge Smith, Associate Judge of the New York Court of Appeals, denied defendant's application for leave to appeal. *People v. Butler,* 96 N.Y.2d 899, 730 N.Y.S.2d 796, 756 N.E.2d 84 (2001).

On July 23, 2002, Defendant filed pro se a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104–132, § 104, 110 Stat. 1214, 1219 (1996), in the District Court, asserting that the state court's rulings denying defendant's *Batson* challenge was an unreasonable application of clearly established federal law.[2] The District

---

* The Honorable Gerard E. Lynch, of the United States District Court for the Southern District of New York, sitting by designation.

**2.** Defendant also asserted in his petition for a writ of habeas corpus that his right to a fair trial was violated by the trial court's denial of his motion to dismiss a certain juror. That claim is not before us on this appeal.

Court referred the matter to Magistrate Judge Kevin N. Fox, who recommended that defendant's petition be denied in its entirety in a Report and Recommendation dated December 17, 2004 ("R & R"). J.A. 39–40. Defendant filed timely objections to the R & R, asking that the District Court either grant a writ of habeas corpus or a Certificate of Appealability. On August 8, 2008, 2008 WL 3338202, the District Court adopted the R & R, denying defendant's petition for a writ of habeas corpus but granting a Certificate of Appealability on defendant's *Batson* claim. Defendant's appeal challenges the District Court's denial of his petition for a writ of habeas corpus. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review a district court's ruling on a petition for a writ of habeas corpus *de novo*. *See, e.g., Overton v. Newton,* 295 F.3d 270, 275 (2d Cir.2002). Pursuant to 28 U.S.C. § 2254(d), a writ of habeas corpus may not issue for any claim adjudicated on the merits by a state court unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented" in state court, *id.* § 2254(d)(2). We have been reminded that "clearly established Federal law, as determined by the Supreme Court of the United States," *id.* § 2254(d)(1), refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Brown v. Alexander,* 543 F.3d 94, 100 (2d Cir.2008) (quoting *Williams* ).

A state court decision is "contrary to" clearly established federal law if the state court's conclusion on a question of law is "opposite" that of the Supreme Court or if the state court reaches a different outcome than the Supreme Court "on a set of materially indistinguishable facts." *Williams,* 529 U.S. at 413, 120 S.Ct. 1495; *Alexander,* 543 F.3d at 100 (quoting *Williams* ). A state court decision "involves an unreasonable application of" clearly established federal law as determined by the Supreme Court if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a defendant's] case." *Williams,* 529 U.S. at 413, 120 S.Ct. 1495. A federal habeas court should not "conflat[e] 'unreasonableness' with 'clear error' … because '[t]he gloss of clear error fails to give proper deference to state courts.' " *Brisco v. Ercole,* 565 F.3d 80, 87–88 (2d Cir.2009). "Some increment of incorrectness beyond error is required." *Francis S. v. Stone,* 221 F.3d 100, 111 (2d Cir.2000). We have noted, however, "that the increment [of error beyond clear error] need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Id.* (internal quotation marks omitted).

Defendant argues that (1) the state trial court's application of *Batson* was contrary to clearly established federal law and should be afforded no deference because the trial court denied defendant's challenge due to a lack of a "pattern" of discrimination rather than a failure to assert a *prima facie* case; (2) the Appellate Division's determination that defendant failed to establish a *prima facie* case of discrimination was incorrect and also should not have been afforded deference by the District Court because the Appellate Division based its conclusion on the trial court's "incomplete" findings; and (3) the District

Court unreasonably concluded that the statistical disparity was insufficient to support a *prima facie* case and improperly discounted that disparity due to the small number of African Americans included in the venire. Although "statistical disparities are to be examined," *United States v. Alvarado*, 923 F.2d 253, 255 (2d Cir.1991), courts must also consider "any other relevant circumstances," *Tankleff v. Senkowski*, 135 F.3d 235, 249 (2d Cir.1998). We agree with the District Court that, in the circumstances presented, "[t]here are inadequate facts here that 'give rise to a sufficiently strong inference of racial motivation to make a *prima facie* showing.'" J.A. 53 (quoting *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir.2008)).

Even if the state court used different terminology in stating that there was no "pattern" of discrimination, we also agree with the District Court that "[t]he Appellate Division did not unreasonably apply the law . . . in concluding that the totality of the circumstances reflected on the record did not give rise to an inference that the prosecution struck [the jurors at issue] on the basis of their race." J.A. 57. "An unreasonable application of federal law is different from an incorrect or erroneous application of federal law." *Alexander*, 543 F.3d at 100 (quoting *Williams*, 529 U.S. at 412, 120 S.Ct. 1495). We have noted that "the unreasonable application standard falls somewhere between merely erroneous and unreasonable to all reasonable jurists." *Alexander*, 543 F.3d at 100 (internal quotation marks omitted). "[I]t is one thing to conclude that a pattern of strikes is *prima facie* evidence of discrimination; it is a very different thing to hold that the contrary conclusion would be an unreasonable application of *Batson*." *Sor-*

*to v. Herbert*, 497 F.3d 163, 169 (2d Cir. 2007); *see also* J.A. 57.

Substantially for the reasons stated by the District Court in its order of August 8, 2008, we conclude that the state court's application of the *Batson* standard in this case was not "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1) and, therefore, defendant's claim does not support the grant of a habeas corpus petition.

### CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.